LAWRENCE, Appellant,

v.

LAWRENCE, Appellee.

[Cite as *Lawrence v. Lawrence* (2001), 144 Ohio App.3d 454.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 00CA0034.

Decided June 22, 2001.

456

*Wilfred L. Potter,* for appellant.

*David M. Hollingsworth,* for appellee.

GRADY, Judge.

Plaintiff James John Lawrence appeals from an order of the court of common pleas, domestic relations division, entered on April 11, 2000. The order denied a number of motions that Mr. Lawrence had filed over a period of several years since his divorce from defendant Carol Ann Lawrence in 1995. The motions and the trial court's order concerned the spousal support obligation imposed on Mr. Lawrence in the 1995 decree of divorce.

Mr. Lawrence has presented five assignments of error for our review. That is made more difficult by the fact that his brief contains but one summary argument applicable to all five assignments. App.R. 16(A)(7) contemplates a separate argument supporting each separate assignment. Counsel is requested to observe that format in the future.

When the parties were divorced, in 1995, Mr. Lawrence was employed at Wright–Patterson Air Force Base, where he earned approximately $37,000 per year. Mrs. Lawrence was unemployed. The court ordered Mr. Lawrence to pay spousal support at the rate of $275 per week. In later years, Mr. Lawrence missed payments, creating a substantial arrearage.

The order from which Mr. Lawrence has appealed denied his several requests to modify his spousal support obligation upon a showing of changed circumstances. Three such circumstances were alleged by Mr. Lawrence.

First, in June 1995, only days after the parties were divorced, Mrs. Lawrence was paid $100,000 in settlement of a personal injury claim. She retained approximately $67,000, after expenses. In motions filed later, Mr. Lawrence argued that his former wife's need for support was thus reduced and that the court should reduce or terminate his spousal support obligation accordingly.

Second, in May 1997, Mr. Lawrence filed for bankruptcy and his debts were discharged. He subsequently asked the domestic relations court to find that his spousal support obligation was discharged, at least in part.

Third, in October 1998, Mr. Lawrence was involuntarily terminated from his Air Force position, and he took the retirement pension available to him. His

income from that retirement is approximately $14,000 per year. He asked the court to reduce his spousal support obligation accordingly.

The domestic relations court, in its order filed on April 11, 2000, found no basis to reduce or terminate Mr. Lawrence's spousal support obligation. This appeal followed.

Plaintiff–appellant's five assignments of error are discussed below. Those which involve the same discrete issue are considered together.

First Assignment of Error

"The trial court abused its discretion when it did not determine the discharge of part or all the debts to appellee using the standards of bankruptcy law."

Fifth Assignment of Error

"The trial court abused its discretion when it did not rule that the third party debts of appellee were discharged in bankruptcy."

On September 2, 1997, Mr. Lawrence was discharged from all debts dischargeable in bankruptcy. Section 523(a), Title 11, U.S.Code states, *inter alia*, that such an order "does not discharge an individual from any debt * * * (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child." The domestic relations court, after stating that Mr. Lawrence "has at no time during the course of this case argued that his obligation to (Mrs. Lawrence) is not alimony, maintenance, or support," declined to disturb its prior spousal support order on account of the bankruptcy discharge.

Mr. Lawrence argues on appeal that the domestic relations court should have terminated or reduced his alimony obligation on the basis of tests for dischargeability set out in *In re Calhoun* (C.A.6, 1983), 715 F.2d 1103, and *Fitzgerald v. Fitzgerald* (C.A.6, 1993), 9 F.3d 517. Those tests provide that an obligation not denominated as alimony or spousal support may nevertheless not be dischargeable because it actually is alimony or support, unless the amount is "so excessive that it is manifestly unreasonable under traditional concepts of support." *Calhoun, supra,* at 1110. Because the amount of spousal support he is required to pay is unreasonable, according to Mr. Lawrence, the trial court should have reduced or terminated it. We do not agree, for several reasons.

First, the *Calhoun* test, as the court explained in *Fitzgerald,* applies to an obligation that is not denominated as alimony or spousal support. Where, as here, the obligation is so denominated and "no one disputes that these payments are anything except alimony payments, Congress has decided that they are not dischargeable." *Fitzgerald, supra,* at 521. Not being even potentially dischargeable, Mr. Lawrence's spousal support obligations are not subject to the *Calhoun* and *Fitzgerald* tests.

■ Second, the tests apply to the issue of dischargeability, which per *Calhoun* and *Fitzgerald* is relief to be granted by the federal courts. The issues involved have no application to modifications of spousal support ordered by the state courts, which is the relief that Mr. Lawrence sought from the domestic relations court.

■ Third, Mrs. Lawrence argues that Mr. Lawrence failed to raise this particular contention below, and the trial court's decision indicates that he did not. Mr. Lawrence has not directed us to where in the record the contention was put to the trial court. Error not raised in the trial court is waived and may not be assigned as error on appeal. *Cooper v. Dayton* (1997), 120 Ohio App.3d 34, 696 N.E.2d 640.

The first and fifth assignments of error are overruled.

Second Assignment of Error

"The trial court abused its discretion when it ruled that appellee's receipt of a $100,000 settlement one month after decree was not a sufficient change of circumstances to reduce appellant's alimony payments."

■ Per Section 4(B), Article IV of the Ohio Constitution, the jurisdiction of the court of common pleas and its divisions is determined by statute. R.C. 3105.18(E) provides that a domestic relations court lacks jurisdiction to modify a spousal support order in a decree of divorce entered on or after January 1, 1991, "unless the court determines that the circumstances of either party have changed and * * * (1) * * * the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."

■ The decree of divorce terminating the marriage of the parties was entered on May 30, 1995. At item 43, the court ordered Mr. Lawrence to pay spousal support to Mrs. Lawrence in the amount of $275 per week. At item 44, the court retained jurisdiction to modify upon "a change of circumstances of either party." The issue presented, therefore, is whether the $100,000 settlement that Mrs. Lawrence received in June 1995 is a change of circumstances for purposes of R.C. 3105.18(E). Such "circumstances" are those which pertain to the spousal support award and existed when the award was made.

In the magistrate's report and recommendations of May 30, 1995, which the trial court adopted that same date in its decree of divorce, the magistrate found, at item 38, that "the Defendant (Mrs. Lawrence) has a pending personal injury claim" and, at item 39, that Mr. Lawrence "has a loss of consortium claim in that suit, which (Mr. Lawrence) believes he has settled." In finding that spousal support in the amount of $275 per week was reasonable, the magistrate stated, at item 63(i), that the "relative assets and liabilities of the parties are contained in

the prior findings of this report." Item 63(i). The magistrate also found, at item 63(c), that Mrs. Lawrence "has permanent nerve damage to the right side of her body as a result of an accident in 1988." It is undisputed that the nerve damage was the basis of the $100,000 settlement payment that Mrs. Lawrence received in June 1995, shortly after the decree of divorce was entered.

Mrs. Lawrence had not received the settlement payment when the decree of divorce was entered. However, the existence of the claim for relief that resulted in the payment was known to the court, as was the serious extent of the injury that Mrs. Lawrence had suffered. The payment did not change those circumstances, though it might have changed Mrs. Lawrence's immediate need for support.

In its order of April 11, 2000, denying Mr. Lawrence's motion, the trial court found that the award had not changed Mrs. Lawrence's need for support because her own meager income and Mr. Lawrence's failure to meet his spousal support obligation had required Mrs. Lawrence to expend the proceeds of her award, which were by then exhausted. We find nothing in the record which contradicts that finding. Therefore, no abuse of discretion is demonstrated.

The second assignment of error is overruled.

Third Assignment of Error

"The trial court abused its discretion when it ruled that the involuntary retirement of appellant was not a sufficient change of circumstances to reduce appellant's alimony."

Fourth Assignment of Error

"The trial court abused its discretion when it ruled that appellant's retirement income could be used as a basis for payment of alimony."

■ Mr. Lawrence's retirement from the Air Force was involuntary.[1] His Air Force retirement yields $14,700 annually. The trial court found that he subsequently acquired employment that pays him $21,400 on an annualized basis. The court further found that the total of these amounts, $36,000, "is very close to the income which he was making as of the time of the hearing which took place before the Magistrate in May of 1995."

The court properly considered Mr. Lawrence's entire income when it found that no substantial change in that circumstance had occurred that warranted a modification of his spousal support obligation. Mr. Lawrence argues that the court should not have considered the $14,700 he receives from his Air Force

---

1. The court's order of April 11, 2000, states that the retirement was "voluntary." That was corrected in a subsequent *nunc pro tunc* entry to state that it was "involuntary."

retirement, because that retirement plan was awarded to him in the division of marital property ordered in the decree of divorce.

This court has held that domestic relations courts may consider income derived by an obligor from an asset awarded the obligor in a division of marital property, including an asset in the form of a retirement plan, when it determines a spousal support order. *Enix v. Enix* (Feb. 4, 1993), Montgomery App. No. 13535, unreported, 1993 WL 26775. The same reasonably applies when the court is asked to modify spousal support.

The third and fourth assignments of error are overruled.

### Conclusion

Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.

*Judgment affirmed.*

WOLFF, P.J., and FAIN, J., concur.