OPINION
This is an appeal by Sally C. Hayes and a cross-appeal by C. Stephen Hayes from an order of the domestic relations court increasing Stephen's* obligation to pay spousal support to Sally.
The parties were divorced in 1996, after twenty-five years of marriage. Their marital estate was large. The trial court divided the marital property equitably, adopting the terms of a separation agreement into which the parties had entered. Per that agreement, Stephen was also ordered to pay Sally spousal support at the rate of $5,000 per month, or $60,000 per year. The order was made subject to the court's power of modification, which the court reserved jurisdiction to exercise pursuant to R.C. 3105.18(E) upon a showing of changed circumstances.
At the time of the divorce, and for some years before that, Sally suffered from multiple sclerosis. The disease is debilitating and progressive, and the cost of its treatment is considerable. Sally retained coverage under Stephen's employer-sponsored health insurance after their divorce pursuant to COBRA provisions. Her cost for that coverage was $150 per month. When her COBRA coverage expired, Sally was required to purchase more expensive insurance coverage which nevertheless failed to cover most of her drug expenses. Her total additional cost for the new coverage, plus drug expenses not covered is approximately $20,000 per year.
In 1999, Sally, now Sally C. Creager, moved for an increase in spousal support. She cited her increased costs of health insurance and prescription drugs as the required change of circumstances. The matter was referred to a magistrate, who, after evidentiary hearings were held, rejected Sally's claim on a finding that no change of circumstances was shown because Sally knew when she entered the separation agreement that her health and insurance costs would increase when her COBRA coverage expired. Nevertheless, the magistrate also made extensive findings concerning the assets and income of both parties as demonstrated by the evidence.
Sally filed objections to the magistrate's decision. Stephen opposed her objections, arguing that the magistrate had correctly found that no change of circumstances was shown. The trial court sustained Sally's objections, stating that when it ordered support in the divorce decree it had contemplated that Sally's future loss of COBRA coverage would constitute a change of circumstances. The court again referred the matter of Sally's motion for increased support to the magistrate.
The magistrate held no additional hearings on Sally's motion. The magistrate then rendered a decision granting the motion, ordering Stephen's spousal support obligation increased from $5,000 per month to $5,300 per month. Sally filed objections to the magistrate's decision.
The trial court sustained Sally's objections in a Decision and Judgment filed on March 27, 2001. The court stated that it viewed Sally's health condition with compassion, and it found that Sally "should not have to use her property received in the divorce to take on the significant increase in medical expenses." The court also noted that "neither party is destitute and certainly (Sally) is far from poor." The court then awarded Sally $5,800 per month in spousal support, an increase of $800 per month, or $9,600 per year, from its prior order.
Sally filed a notice of appeal. Case No. CA 18832. Stephen filed a notice of cross-appeal. Case No. CA 18837. The matters are consolidated for review.
 No. 18832 Appeal of Sally C. Hayes, nka Sally C. Creager ASSIGNMENT OF ERROR THE TRIAL COURT'S AWARD INCREASING SPOUSAL SUPPORT BY ONLY $800 PER MONTH WHEN DEFENDANT HAD INCURRED ADDITIONAL MEDICAL EXPENSES IN EXCESS OF $20,000 PER YEAR, IS AN ABUSE OF DISCRETION, CONSTITUTION PREJUDICIAL ERROR, AS THE AWARD IS UNREASONABLE, ARBITRARY AND UNCONSCIONABLE.
The factors which a domestic relations court must consider when ruling on a request for spousal support are those set out at R.C. 3105.18(C). The same factors, to the extent that any are implicated by the change of circumstances cited, must be considered when the court rules on a motion to modify a prior spousal support order filed pursuant to R.C. 3105.18(E). In both instances, the trial court has broad discretion in applying the factors to the evidence before it. The court's determination will not be reversed absent a demonstrated abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Id., at p. 219, quoting State v. Adams (1980), 62 Ohio St.2d 151, 157.
R.C. 3105.18(C)(1)(e) requires the court to consider "[t]he tax consequences, for each party, of an award of spousal support." Sally argues that the trial court abused its discretion in that respect. She claims that her increased award of $9,600 per year will yield only about $6,300 after taxes, and that is inadequate to her needs.
R.C. 3105.18(C)(1)(a) requires the court to consider "[t]he income of the parties from all sources, including, but not limited to, income from property divided, disbursed, or distributed under section 3105.171 of the Revised Code." The magistrate's findings indicate that Sally has an annual income from all sources of $75,000 to $80,000 per year. She also has an IRA worth $453,000, which is not now available to her without payment of penalties. The magistrate found that Sally has sold assets to meet her increased costs of health insurance and prescription drugs.
Stephen's annual salary has increased from $143,000 to $175,000 since the divorce. Capital assets he was awarded were sold, yielding a return of approximately $2.7 million. His return from these funds exceeds $50,000 per year. It appears that he has additional income but substantial expenses as well.
It is not the province of this court to substitute its judgment for that of the trial court when it decides a question committed to its sound discretion. The court stated that it had considered the R.C. 3105.18(C)(1) factors. The court is not required to state the reasons for its findings in that regard when they are evident from the record. We believe they are here.
The tax consequences of spousal support make it taxable income for the obligee and credit against the adjusted gross income of the obligor. Sally complains that, as a consequence, she will realize a net benefit of only about $6,300 after taxes from the $9,600 additional support each year that Stephen must pay. Further, he may deduct that amount in determining his taxes. Nevertheless, Stephen must pay the full dollar amount of what he is ordered to pay.
The modification that the court ordered requires Stephen to pay Sally $69,600 per year in spousal support. Assuming an annual income for Stephen of $250,000, his spousal support obligation is 28% of his gross income. Assuming an effective tax rate of 25%, from all sources, his net annual income is then $187,500. Stephen's spousal support obligation of $69,000 per year is 37% of that amount. His considerable capital assets notwithstanding, Stephen's spousal support obligation is far above the norm.
After the court's modification of its spousal support order, Sally's annual income will be in the range of $85,000 to $90,000 per year. From that, she will be required to pay $20,000, or approximately 24%, for her health insurance and prescription drugs. Had the trial court required Stephen to pay this entire additional amount, his annual support obligation would be $80,000 or $6,666 per month. That would represent an increase of 33% in his support obligation. It would also represent 43% of his annual income after taxes, as we projected it.
The trial court expressed its compassion for Sally's health condition, and properly so. The court appears to have also concluded that the expense connected with it is primarily Sally's responsibility to bear. That was also proper. Nevertheless, the court increased Stephen's support obligation by $9,600 per year, or almost one half of the additional amount Sally must pay. In view of the fact that almost all of Sally's income comes from Stephen, as well as the fact that his support obligation is well above the norm, both in amount and as a per cent of his income, we cannot find that the trial court abused its discretion in failing to order Stephen to pay more spousal support than it did.
Sally's assignment of error is overruled.
 No. 18837 Appeal of C. Stephen Hayes FIRST ASSIGNMENT OF ERROR THE COURT ERRED, ABUSED ITS DISCRETION AND FOUND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT DETERMINED THAT DEFENDANT-APPELLANT HAD A CHANGE OF CIRCUMSTANCES AND WAS ENTITLED TO AN INCREASE OF EIGHT HUNDRED AND 00/100 DOLLARS ($800) PER MONTH IN SPOUSAL SUPPORT.
"Circumstances," a change in which would allow the court to modify a spousal support order pursuant to R.C. 3105.18(E), are those which pertain to the spousal support award and existed when the award was made. Lawrence v. Lawrence (2001), 144 Ohio App.3d 454.
Here, the circumstance that changed is the cost to Sally of her health insurance and prescription drugs. The court knew that would change when it entered the spousal support award in the divorce decree, but it did not know by how much it would change. Sally's increased costs relates to her need for support, and is a proper change of circumstances for purposes of R.C. 3105.18(E).
Stephen also argues that the court's order increasing his monthly support obligation by $800 is against the manifest weight of the evidence. The issues he presents in relation to that argument all concern evidentiary matters that the trial court appears to have considered and weighed. We are not disposed to revisit them on appeal.
Stephen's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE COURT ERRED, ABUSED ITS DISCRETION AND FOUND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT FAILED TO IMPUTE INCOME TO THE VOLUNTARILY UNEMPLOYED DEFENDANT-APPELLANT.
Stephen argues, though in support of his first assignment of error, that the trial court should have "imputed" income to Sally, who is unemployed, pursuant to R.C. 3113.215, on a finding that she is voluntarily unemployed. R.C. 3113.215 concerns child support, not spousal support. Nevertheless, as a part of its general equitable charge, and pursuant to R.C. 3105.18(C)(1)(b), the court can deny spousal support or reduce it if the court finds that the obligee has an earning capacity that he or she has failed to utilize.
Sally worked as a teacher many years ago, but quit to stay home to serve the parties' marital needs. She did not work when the parties were divorced. Sally has worked part-time since the divorce, but quit voluntarily. Sally suffers from a very serious, debilitating, and progressive illness, multiple sclerosis. Stephen's argument that the trial court abused its discretion when it found that Sally's lack of outside employment is voluntary is without merit.
Stephen's second assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented in the appeal and cross appeal, we will affirm the judgment from which they were taken.
BROGAN, J., and BRYANT, J., concur.
Hon. Thomas F. Bryant, Court of Appeals, Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
* For purposes of clarity and economy, the parties are identified by their first names. We encourage counsel to likewise employ proper names to identify parties. Cumbersome designations such as "Plaintiff-Appellee/Cross Appellant" are both confusing and uninformative.